IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDON WARE, Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFF** |
| vs. | No. 1:20-cv-7071-RWG | |
| **SHAKE SHACK ENTERPRISES, LLC** | | **DEFENDANT** |

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiff Brandon Ware ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Shake Shack Enterprises, LLC ("Defendant"), by and through their respective undersigned counsel, hereby seek approval of their Settlement Agreement ("Agreement") resolving all claims in this lawsuit.

### I.     INTRODUCTION

This case concerns claims of unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), originally brought by Named Plaintiff on November 30, 2020. *See* ECF No. 1. Named Plaintiff filed his First Amended and Substituted Complaint—Collective Action ("FAC") on February 17, 2021. *See* ECF No. 15. Named Plaintiff asserted that Defendant failed to pay him and Defendant's other hourly paid employees who performed work off-the-clock. *See id*. Named Plaintiff also sought liquidated damages and attorneys' fees. *See id*. Defendant asserted Named Plaintiff was properly compensated for all hours worked, including overtime pursuant to the FLSA and IMWL. *See* ECF No. 20. Defendant denies all of the allegations and claims set forth in

Page 1 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement

the FAC and maintains that Named Plaintiff and all hourly paid employees were properly paid all overtime compensation due. *See id*. Named Plaintiff and Defendant agree that a bona fide dispute exists with regard to Named Plaintiff's claims for unpaid overtime.

On February 25, 2021, Named Plaintiff moved this Court to conditionally certify this action as a collective action and to approve of the issuance of notice to the collective. *See* ECF Nos. 16-17. Named Plaintiff defined the collective as follows:

> **All hourly employees who worked at Defendant's location at 1950 Spring Road in Oak Brook, Illinois, for more than 38 hours in any work week after November 30, 2017.**

On April 21, 2021, this Court issued an Order granting Named Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, after Named Plaintiff's counsel corrected the proposed notice consistent with the Order. *See* ECF No 26. Following the Court's Order, Defendant produced the names, last known addresses, and last known email addresses for all collective members.

Named Plaintiff's counsel sent the Court-approved Notice and Consent to Join to the collective by first-class mail, with a postage pre-paid return envelope addressed to Named Plaintiff's counsel. The Court-approved Notice and Consent to Join apprised recipients that, if they opted into the action, they would be represent by Plaintiff's counsel and "bound by any settlement" of the action. Thereafter, by email using DocuSign.com. 28 individuals opted into the lawsuit ("Opt-in Plaintiffs," and, together with Named Plaintiff, "Plaintiffs"). *See* ECF Nos. 29-42.

Courts in the Seventh Circuit routinely require approval of FLSA settlements. *See Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir.1986). For FLSA

Page 2 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement

settlements that do not involve Rule 23 classes, such as the Agreement here, a one-step settlement approval process is appropriate. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016).

## II. ARGUMENT

### A. Terms of the Settlement

As reflected in the Agreement and Allocation attached hereto as Exhibit 1, members of the collective who opted into this action are receiving payments corresponding to the amount of their purported damages for Defendant's alleged failure to pay Plaintiffs for all overtime hours worked, as calculated by Plaintiffs' counsel. Named Plaintiff will receive the overtime pay owed to him based on calculations of Plaintiffs' counsel made from evidence reviewed as to time-shaving allegations and estimates given of alleged off-the-clock hours worked (between 5 and 10 hours per week).

Following the Notice period, Defendant provided Plaintiff's counsel with Plaintiff's time and pay records for the collective period. After reviewing and analyzing such records, Plaintiffs' counsel canvassed the Opt-In Plaintiffs about information pertaining to their claims. Based on the information gained from the responding Opt-Ins, Plaintiffs' counsel determined that the individual claims for the Opt-Ins were much weaker, and much less likely to have been successful at trial, than those of Named Plaintiff. Very few Opt-Ins reported having experienced purported time-shaving, and of those who allegedly did, it was on a scale much smaller than that experienced by Named Plaintiff. Accordingly, the settlement provides that each Plaintiff will receive an amount of the settlement fund with damages extrapolated from Named Plaintiff's estimates of hours worked per week,

Page 3 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement

taking into account the length of each Opt-In Plaintiff's tenure with Defendant. Following this, an approximate 75% reduction was made to account for the relative weakness of Opt-Ins' claims.

The relief that will be afforded to the collective is a fair compromise under the FLSA based on the provided data, the off-the-clock claims brought in the case, and the law. The Parties assert that these settlement payments are fair and reasonable in light of the significant risks each side is certain to face should litigation continue. The Parties' compromise as to liquidated damages is reasonable because recovery of liquidated damages is uncertain in FLSA cases. If this case proceeds to trial, Defendant plans to present arguments that it attempted in good faith to comply with the law and that the Plaintiffs worked very little, if any, hours off-the-clock. Defendant concurs that the settlement is a fair compromise of the Parties' bona fide dispute considering the risks and additional expenses of continued litigation, including further motion practice and trial.

Additionally, the Agreement does not require any Plaintiffs, including Named Plaintiff, to sign a general release of claims, so any claims outside of those related to this lawsuit will not be affected. *Bainter v. Akram Investments, LLC*, No. 17 C 7064, 2018 U.S. Dist. LEXIS 177445, at *14 (N.D. Ill. Oct. 9, 2018). "The absence of a general release exemplifies the results achieved for the Settlement Class." *Id*. The Parties believe the settlement for Plaintiffs is fair, reasonable, and adequate, and they request an Order from this Court confirming the same.

**Page 4 of 9**
**Brandon Ware, et al. v. Shake Shack Enterprises, LLC**
**U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG**
**Joint Motion for Approval of FLSA Collective Action Settlement**

B. <u>Attorneys' Fees[1]</u>

The FLSA entitles a prevailing plaintiff, "including a plaintiff who favorably settles his claims," to recover "a reasonable attorney's fee . . . and costs of the action." *De La Riva v. Houlihan Smith & Co.*, No. 10 C 8206, 2013 U.S. Dist. LEXIS 136339, at *3 (N.D. Ill. Sep. 24, 2013); *Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72-HAB, 2021 U.S. Dist. LEXIS 132353, at *5-6 (N.D. Ind. July 16, 2021) (quoting 29 U.S.C. § 216(b)). Similarly, the IMWL provides that "a prevailing party 'may recover…costs and such reasonable attorney's fees as may be allowed by the Court.'" *Kurgan v. Chiro One Wellness Centers, LLC*, No. 10-cv-1899, 2015 U.S. Dist. LEXIS 52006, at *5-6 (N.D. Ill. Apr. 21, 2015) (quoting 820 ILCS 105/12(a)).

Plaintiffs' counsel are to receive an agreed $23,264.15 in attorneys' fees and expenses. These fees were agreed not as a tax on Plaintiffs' amounts, but as a constituent part of settlement demands and negotiations. To the extent this Court wishes to assess the amount and reasonableness of the fee, Courts in this Circuit first calculate the "lodestar," that is, the "multiplication of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). "The party seeking an award of fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed, and should submit evidence to this effect." *Binissia v. ABM Industries*, No. 13 cv 1230, 2017 U.S. Dist. LEXIS 153686, at *10 (N.D. Ill. Sep. 21, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To determine a reasonable hourly

---

[1] Defendant takes no position on the amount to be allocated as attorneys' fees under the settlement agreement.

Page 5 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement

rate, the Court refers "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

In support of this Motion, Plaintiffs attach Exhibit 2, detailing the hours that Plaintiffs' counsel has spent on this case. Plaintiffs' counsel worked over 100 hours on the case, incurring over $26,000.00 in billed hours and costs, taking the case from the complaint drafting stage through informal discovery, damages calculations, and conditional collective certification, to the sending out of Notice and Consent forms as well as extensive settlement negotiations spanning the course of several weeks. Plaintiffs' counsel also incurred $776.00 in costs. At approximately 89% of Plaintiffs' counsel's current billed hours, this award is reasonable.

The hourly rates of Plaintiffs' counsel are also reasonable in light of other similar hourly rates approved by this Court in employment cases involving counsel with similar experience. *See, e.g., Gunn v. Stevens Security & Training Services*, No. 17-cv-06314, 2020 U.S. Dist. LEXIS 171615, at *6-7 (N.D. Ill. Sep. 18, 2020) (finding hourly rates ranging from $300 to $565 reasonable, depending on each attorney's level of experience, and an hourly paralegal rate of $190 reasonable, in an FLSA collective action case); *Bainter*, 2018 U.S. Dist. LEXIS 177445, at *12 (finding hourly rates ranging from $150 to $700 reasonable in an FLSA collective action case); and *Kurgan*, 2015 U.S. Dist. LEXIS 52006, at *14 (finding hourly rates ranging from $100 to $600 reasonable in an FLSA collective and class action case).

When determining the reasonableness of an attorneys' fee award, Seventh Circuit Courts may also take into account other factors, including (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal

Page 6 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement

service properly, (4) the preclusion of employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the experience, reputation, and ability of the attorneys, (9) the undesirability of the case, and (10) the nature and length of the professional relationship with the client. *Bainter*, 2018 U.S. Dist. LEXIS 177445, at *13 (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310-11 (7th Cir. 1996)). Many of these factors are subsumed within the calculation of the lodestar. *See Blum*, 465 U.S. at 898–900 (finding that "novelty and complexity of issues," "special skill and experience of counsel," quality of representation," and "results obtained" can be accounted for within the lodestar calculation); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986) ("the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorneys' fee").

Many factors not already addressed above support the fee award sought. The skill requisite to perform the legal service properly weighs in favor of the fee award. Sanford Law Firm's primary practice is in the field of FLSA wage-and-hour litigation. This case did not involve novel legal issues, but the collective action made it procedurally complex and ill-suited for attorneys without extensive experience in FLSA matters. Plaintiffs' counsel also faced legal hurdles in establishing conditional certification that was strongly contested by Defendant.

Fees in this case were "contingent" in the sense that recovery of the fees was uncertain and hinged upon the success of Plaintiffs' claims. Determination of fees was also delayed, as it requires Plaintiffs' counsel to wait until resolution of the case in order to receive anything. Plaintiffs' counsel "could have lost everything" they invested. *See*

Page 7 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement

*Furman v. At Home Stores LLC*, No. 1:16-cv-08190, 2017 U.S. Dist. LEXIS 73816, at *12 (N.D. Ill. May 1, 2017) (quoting *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.)). The amount involved and the results obtained also favor the fee award. Named Plaintiff successfully pursued this case and obtained a settlement equal or greater than the amount likely to have been recovered for Plaintiffs.

### III. CONCLUSION

WHEREFORE, for the reasons stated above, Named Plaintiff, individually and on behalf of all others similarly situated, and Defendant respectfully request that the Court approve the settlement reached between the Parties, dismiss the case with prejudice, and for all other just and proper relief.

Respectfully submitted,

**BRANDON WARE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 8 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement

      **and**    **SHAKE SHACK ENTERPRISES, LLC, DEFENDANT**

    FOX ROTHSCHILD LLP
    321 N. Clark Street, Suite 1600
    Chicago, IL 60654
    Telephone: (312) 517-9200
    Facsimile: (312) 517-9201

    */s/ Glenn S. Grindlinger*
    Glenn S. Grindlinger
    Admitted *pro hac vice*
    ggrindlinger@foxrothschild.com

    Marc C. Smith
    ARDC No. 6189574
    mcsmith@foxrothschild.com

## **CERTIFICATE OF SERVICE**

    I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing MOTION was electronically filed with the Clerk for the U.S. District Court, Northern District of Illinois, on January 14, 2022, using the electronic case filing system of the Court. The attorneys listed below are registered to receive an electronic copy hereof.

    Marc C. Smith, Esq.
    Carolyn D. Richmond, Esq.
    Glenn S. Grindlinger, Esq.
    FOX ROTHSCHILD LLP
    321 North Clark Street, Suite 1600
    Chicago, Illinois 60654
    Telephone: (312) 517-9200
    mcsmith@foxrothschild.com
    crichmond@foxrothschild.com
    ggrindlinger@foxrothschild.com

                                        */s/ Josh Sanford*
                                        **Josh Sanford**

Page 9 of 9
Brandon Ware, et al. v. Shake Shack Enterprises, LLC
U.S.D.C. (N.D. Ill.) No. 1:20-cv-7071-RWG
Joint Motion for Approval of FLSA Collective Action Settlement