# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made and entered into by and between Plaintiff Brandon Ware ("Named Plaintiff"), individually and on behalf of the Opt-In Plaintiffs (collectively "Plaintiffs"), and Defendant Shake Shack Enterprises, LLC ("Defendant," and collectively with Plaintiffs, the "Parties"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

## I. STATEMENTS OF FACT

The Parties acknowledge that:

It is the desire of the Parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, or other issues arising out of Plaintiffs' employment with Defendant.

Moreover, the Parties desire to resolve any and all claims which Plaintiffs may have against Defendant as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation;

The Parties have exchanged information relating to Plaintiffs' claims and Defendant's defenses, including time and pay records for Named Plaintiff and Opt-in Plaintiffs;

Named Plaintiff, on behalf of himself and Plaintiffs, acknowledges that he has had adequate and legally sufficient time to review this Agreement with legal counsel and that he understands the rights that have been waived by this Agreement; and

Named Plaintiff, on behalf of himself and Plaintiffs, further represents and warrants that he freely negotiated the terms of this Agreement and enters into it and executes it voluntarily. Named Plaintiff, on behalf of himself and Plaintiffs, understand that this is a voluntary waiver of certain claims as set forth herein, whether known or unknown against Defendant, that relate in any way to his alleged employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Defendant, up to and including the date of the execution of this Agreement;

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the Parties agree as follows:

## II. DEFINITIONS

A. The **"Action"** means *Brandon Ware, et al. v. Shake Shack Enterprises, LLC, et al.*, Case No. 1:20-cv-07071-RWG, brought in the Northern District of Illinois, Eastern Division.

B. **"Plaintiffs' Counsel"** means Sanford Law Firm, PLLC.

C. **"Named Plaintiff"** means Brandon Ware.

**D.** **"Opt-in Plaintiffs"** means Sophia Akon, Erica Ballard, Kenyatta Berry, Daneshia Bivins, Jamye Bland, Angelica Bradford, Marlique Coleman, Jela Corbin, Michelle Dukes, Lashuna Edwards, Jasmine Ellis, Deionnie Handy, Amaya Harmon, Kendrick Hartsfield, Samara Holmes, Shakia King, Maryann Martin, Cedeja Powell, Nachelle Rouse, Antwa Russell, Rovan Savage, Alexander Solis, Sade Standberry, Azare Steward, Chondolyn Stuart, Deon Washington, Amari Williams and Aumarion Willingham.

**E.** **"Released Persons"** means Defendant, its predecessors, successors, assigns, parents and subsidiary corporations, affiliates, related entities, and each of their respective directors, officers, employees, shareholders, trustees, attorneys, and insurers, including but not limited to Shake Shack Inc. and SSE Holdings, LLC.

### III. AGREEMENT

**A.** **Payments:**

1. In consideration for the release set forth in Section III.D of this Agreement, the dismissal with prejudice of the Action by Plaintiffs as against Defendant, Defendant agrees to pay the gross amount of Forty Thousand Dollars and 00/100 ($40,000.00) to Plaintiffs in full and final settlement of their claims against Defendant in this matter. This Payment will be made as follows:

a. Defendant will make payments to the Named Plaintiff and Opt-in Plaintiffs in the amounts set forth in Appendix A attached hereto, totaling $16,735.85 (the "Settlement Fund").

b. Defendant shall deliver to Plaintiffs' Counsel two separate checks for each Plaintiff for payments from the Settlement Fund. The amount of each check shall be for 50% of the settlement amount allocated to that Plaintiff as set forth in in Appendix A. The first check will be allocated as wages, and Defendant shall withhold taxes and deductions from this payment, which will be reported on an IRS Form W-2. The second check will be allocated as non-wage income to Plaintiffs, and Defendant shall not make any withholdings from this payment, which, if legally required as determined by Defendant in its sole discretion, will be reported on an IRS Form 1099. Upon request, Plaintiffs shall provide Defendants with a completed IRS form W-9 and/or IRS form W-4.

c. In addition to the payments above, Defendant shall deliver a check payable to Plaintiffs' Counsel in the sum of $23,264.15 for attorneys' fees and costs incurred. Plaintiffs' Counsel will provide Defendant with an IRS Form W-9. Defendant will issue an IRS Form 1099 to Plaintiffs' Counsel for the attorneys' fees and cost payment.

d. These checks will be provided by Defendant to Plaintiffs' Counsel at Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211 no later than fourteen (14) days from the Court's approval of this Agreement, and provided that Plaintiffs' Counsel has provided Defendant with a completed IRS form W-9. Each Plaintiff's payment from the Settlement Fund will not be due until the respective Plaintiff has completed IRS W-9 and W-4 forms and provided them to Defendant, if requested.

Doc ID: ecd04eff9071811a57fd79f27a731c619d4de781

    **B.**  **Plaintiffs' Responsibility for Taxes**. Each Plaintiff assumes full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by him or her under any federal, state, or municipal laws of any kind, with respect to the monies paid by the Defendant to that Plaintiff and/or Plaintiffs' Counsel pursuant to this Agreement and for which an IRS form 1099 will be issued. Although the Parties believe, in good faith, that the tax treatment of the payments referenced in this Agreement are proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff or Plaintiffs' Counsel to pay federal, state or local income or employment taxes with respect to the payments set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiffs agree to indemnify and to hold the Defendant harmless for any such liability.

    **C.**  **Dismissal of All Claims with Prejudice:** Named Plaintiff, on behalf of himself and Plaintiffs, shall (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action; (ii) not re-file the causes of action asserted in the Action against the Released Persons; and (iii) not institute any action against any of the Released Persons in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice, approval of this settlement as fair and reasonable, and/or the effectuation of a full release of wage and hour claims as specified herein. Upon approval by this Court, the claims of the Plaintiffs set forth in the Complaint will be dismissed by the Court with prejudice.

    **D.**  **Limited Release of Claims by Plaintiffs:** Named Plaintiff, on behalf of himself and as a representative for each Plaintiff (and all of Named Plaintiff and Plaintiffs heirs, administrators, executors, agents and assigns) hereby releases and forever discharges the Released Persons from any and all claims, rights, demands, liabilities and causes of action of every nature and description relating to unpaid wages, for monetary damages, liquidated damages, interest, costs, and punitive damages, and all claims or demands related to the Named Plaintiffs'/Opt-In Plaintiffs' employment with Defendant regarding wages and/or failure to pay minimum, overtime wages, and/or any other wage-and-hour claims raised in the Amended Complaint filed in the Action or which could have been raised in the Amended Complaint filed in the Action based on the facts and allegations asserted therein as of the date of Named Plaintiff's execution of this Agreement, including claims under:

  (1)  the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.);
  (2)  the Illinois Minimum Wage Law;
  (3)  any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to the State of Illinois, regarding failure to pay wages or overtime wages; and
  (4)  any and all other relevant Federal and/or State statutory and/or common laws including, but not limited to, intentional infliction of emotional distress for failure to pay wages or overtime wages.

Doc ID: ecd04eff9071811a57fd79f27a731c619d4de781

      **E.**    **No Admission of Liability; Inadmissibility of Agreement:** This Agreement shall not in any way be construed as an admission by Defendant or any Released Person of any liability whatsoever or as an admission by Defendant or any Released Person of any acts of wrongdoing, misclassification, or discrimination against Plaintiffs or any other persons. In fact, Defendant affirmatively states that it has fully complied with all applicable statutes, regulations, and ordinances and that it paid Plaintiffs properly. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiffs. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

      **F.**    **No Other Pending Actions**.  Named Plaintiff, on behalf of himself and Plaintiffs, represents and warrants that he/she has not filed any other lawsuit, claim, charge, or complaint against any Release Person with any other local, state, or federal agency, court, or adjudicative body.

      **G.**    **Approval Process:** The Parties shall file a joint motion for approval of this Agreement. If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the Parties and the Court. In the event, the Parties cannot agree on amendments to the Agreement and the Court thereafter fails to dismiss the Action with prejudice, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of December 20, 2021, and the Parties shall proceed in all respects as if the Agreement had not been executed.

      **H.**    **Knowing and Voluntarily Waiver:** Named Plaintiff, on behalf of himself and Plaintiffs, acknowledges and agrees that he had sufficient time to consider this Agreement and to consult with legal counsel considering its meaning and significance. When entering into this Agreement, Named Plaintiff has not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

      **I.**    **Choice of Law and Venue:** This Agreement is deemed by the Parties to be made and entered into in the State of Illinois. It shall be interpreted, enforced, and governed under the laws of Illinois. Any action to enforce any part of this Agreement shall be brought in the federal courts located in Cook County, Illinois.

      **J.**    **Waiver:** Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

      **K.**    **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties, as well as their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and/or assigns.

Doc ID: ecd04eff9071811a57fd79f27a731c619d4de781

**L.** **Cooperation Clause:** The Parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

**N.** **Entire Agreement:** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

**N.** **Severability:** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

**O.** **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**P.** **Signatures:** The Parties agree that a signed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all Parties for their records.

**Q.** **Construction:** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

**R.** **Successors and Assigns**: This Agreement will apply to, be binding in all respects upon and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs and others taking from them; provided, however, that no party may delegate or avoid any of its liabilities or obligations under this Agreement.

**S.** **Representations**: Named Plaintiff, on behalf of himself and Plaintiff, represents that he does not know of any claims, charges, or complaints currently pending, threatened, or asserted, or that as of this date may be forthcoming, against any of the Defendant or Released Persons, except for the Action.

*(signature page follows)*

Doc ID: ecd04eff9071811a57fd79f27a731c619d4de781

**NAMED PLAINTIFF ON BEHALF OF HIMSELF AND ALL PLAINTIFFS:**

01 / 03 / 2022                                 *[signature: BWare]*
Date                                                BRANDON WARE

**DEFENDANT:**

Date                                                By: Ronald Palmese Jr., Senior Vice President and General Counsel, on behalf of Shake Shack Enterprises, LLC

6

Doc ID: ecd04eff9071811a57fd79f27a731c619d4de781

**NAMED PLAINTIFF ON BEHALF OF HIMSELF AND ALL PLAINTIFFS:**

_____        _____
Date                                                        BRANDON WARE

**DEFENDANT:**

December 22, 2021                    *Ronald Palmese Jr.*
_____        _____
Date                                                        By: Ronald Palmese Jr., Senior Vice President and General Counsel, on behalf of Shake Shack Enterprises, LLC

Appendix A - Settlement Allocation

| Name | Allocation |
|---|---|
| Ware | $ 6,735.85 |
| Akon | $ 574.77 |
| Ballard | $ 115.13 |
| Berry | $ 195.30 |
| Bivins | $ 371.05 |
| Bland | $ 660.36 |
| Bradford | $ 428.39 |
| Coleman | $ 292.51 |
| Corbin | $ 2,241.00 |
| Dukes | $ 150.27 |
| Edwards | $ 260.00 |
| Ellis | $ 743.83 |
| Handy | $ 20.64 |
| Harmon | $ 273.64 |
| Hartsfield | $ 20.63 |
| Holmes | $ 649.33 |
| King | $ 177.40 |
| Martin | $ 64.95 |
| Powell | $ 284.67 |
| Rouse | $ 247.81 |
| Russell | $ 345.53 |
| Savage | $ 143.98 |
| Solis | $ 737.32 |
| Standberry | $ 219.71 |
| Steward | $ 131.01 |
| Stuart | $ 272.54 |
| Washington | $ 171.70 |
| Williams | $ 156.49 |
| Willingham | $ 50.03 |
| | |
| Total: | $16,735.84 |